UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IFEOMA EZEKWO,

                         Plaintiff,

            -against-

SPECIALIZED LOAN SERVICING,

                         Defendant.

23-CV-1141 (LTS)

ORDER OF DISMISSAL WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that Defendants violated her federally protected rights. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff leave to replead.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).

## BACKGROUND

Plaintiff, who currently lives in New Jersey, filed this complaint against Specialized Loan Servicing ("SLS"), a mortgage servicer located in Colorado. In the complaint, Plaintiff invokes "Title IX"; the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution; the Fair Debt Collection Practices Act; and the "Dodd-Frank Act." (ECF 1 at 1.) Plaintiff further asserts claims arising under state law, including breach of contract; breach of fiduciary duty; "wrongful threat of foreclosure and lack of authority"; and "fraudulent misrepresentation and concealment." (*Id.*)

The following factual allegations are gleaned from the complaint, which is 116 pages long, and consists largely of single-spaced legal boilerplate. Plaintiff and her husband, Samuel Ezekwo,[1] own a single-family house located at 3013 Grand Concourse in the Bronx. (*Id.* at 5.) A medical doctor, Plaintiff used the first floor for an office, and Plaintiff and her husband resided in

---

[1] In the complaint, Plaintiff alleges that her husband is the "other plaintiff" in the case, although his name does not appear in the caption, and he did not sign the complaint. (*Id.*)

the rest of the house. (*Id.*) Plaintiff alleges that after SLS approved a loan modification on her mortgage, and even though she was making the requisite monthly payments, "all of a sudden SLS returned a payment and told [her] that [she had] to do over the modification again." (*Id.* at 11.) According to Plaintiff:[2]

> Defendants policies, practices, and decisions, all arising from discriminatory and extortion animus and further policies which they established and enforced had a disparate negative impact on the Plaintiffs and impacted their day to day operations often causing them to live in abject fear and trepidation of losing their home which they can pay and were paying their monthly mortgage on but suddenly Specialized Loan Servicing refused to take monthly mortgage payments again and insisted Plaintiff submit another modification and kept all the payments Plaintiffs were making for their home and then tells Plaintiff that Defendant is not continuing their loan and instead want to steal their home and equity without reason and without due process and any justification. And told Plaintiff they will no longer take monthly mortgage payments from Plaintiff which they were taking before Then Defendant want to take Plaintiff's home even though there is over nine hundred thousand equity in it and Specialized Loan Servicing is refusing to take monthly payment

(*Id.* at 7.)

Plaintiff seeks $3 billion in damages and injunctive relief. (*Id.* at 98.)

## DISCUSSION

### A.     Claims on Behalf of Samuel Ezekwo

The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). And "because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone*

---

[2] The Court quotes from the complaint verbatim. Unless otherwise indicated, all grammar, spelling, and punctuation are as in the original.

*v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)

Only Plaintiff signed the complaint, and she has alleged no facts suggesting that she is an attorney. She cannot, therefore, assert any claims on behalf of her husband, Samuel Ezekwo. This matter will proceed with Ifeoma Ezekwo as the sole plaintiff.

**B.     Rule 8**

The complaint does not comply with Rule 8's requirement that it provide a short and plain statement showing that Plaintiff is entitled to relief. Plaintiff's complaint does not allege sufficient facts explaining what occurred and why she is entitled to any relief from Defendant. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted, but grants Plaintiff 60 days' leave to file an amended complaint.

**C.     Constitutional Claims**

Because Plaintiff invokes the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983.

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). In other words, a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private

parties."). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that [her] constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted); *see also Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of [her] constitutional rights under § 1983 is thus required to show state action.").

As Defendant SLS is a private party that is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this Defendant under Section 1983.

**D.    Federal Statutory Claims**

    1.    Fair Debt Collection Practices Act

Plaintiff invokes the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due . . . to the extent such activity . . . concerns a debt which was originated by such person." *Id.* at § 1692a(6)(F).

A mortgage servicer is a "debt collector" within the meaning of the FDCPA "if the mortgage was in default at the time the servicer began servicing the debt." *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 302 (E.D.N.Y. 2016), *aff'd*, 707 F. App'x 724 (2d Cir. 2017). "[W]here a mortgage servicer obtains a loan that is not in default," it is not a debt collector. *Id.*; *see also Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 83–84 (2d Cir. 2003) ("Debt servicing can be conducted before a debt goes into default, and the FDCPA only [applies to] . . . 'debt collectors' who, by definition, attempt to collect debts in default.").

Here, Plaintiff invokes the FDCPA, but fails to provide facts showing that the mortgage was in default at the time SLS began servicing the debt. In fact, Plaintiff appears to assert that she had been making timely payments to SLS, and that the mortgage was not in default. The Court grants Plaintiff leave to file an amended complaint setting forth any facts suggesting that she can state a viable claim under the FDCPA.

2.      Other Statutory Claims

Plaintiff's other causes of action merit only brief mention. First, Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Because there are no allegations that Plaintiff has been excluded from or denied the benefits of a program receiving federal financial assistance based on her sex, Title IX does not have any relevance to this matter.

Second, there is no private right of action under the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, 12 U.S.C.A. § 5538 (a)(2) (providing the Bureau of Consumer Financial Protection with the exclusive authority to enforce the Act's ban on unfair, deceptive, or abusive consumer practices). Accordingly, this claim does not provide a basis for federal question jurisdiction.

**E.      State Law Claims**

Plaintiff asserts claims that could arguably arise under state law, including breach of contract, breach of fiduciary duty, "wrongful threat of foreclosure and lack of authority," and "fraudulent misrepresentation and concealment." Because the complaint contains few facts about what exactly occurred, the Court is unable to assess whether Plaintiff can state any of these claims.

Moreover, to establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff fails to allege the citizenship of the parties, and does not allege that the amount in controversy exceeds the statutory jurisdictional amount. The Court grants Plaintiff leave to file an amended complaint to provide facts showing that the Court has diversity jurisdiction of this action.[3]

## LEAVE TO AMEND AND LITIGATION HISTORY

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

---

[3] Because it is not clear that Plaintiff can state any federal claims, the Court will determine at a later time whether to exercise supplemental jurisdiction of any state-law claims Plaintiff seeks to raise in any amended complaint. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained). Under 28 U.S.C. § 1367(c)(3), a federal district court may decline to exercise supplemental jurisdiction of state-law claims once it has dismissed all of the federal claims of which it had original jurisdiction. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("Generally, when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.[4]

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case, however, depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A review of PACER shows that Plaintiff has filed more than 20 *pro se* cases in this court and in the United States District Court for the District of New Jersey. *See Ezekwo v. St. Phillip Neri*, ECF 1:22-CV-8332, 3 (S.D.N.Y. Jan. 13, 2023) (dismissing complaint on *res judicata* grounds, listing prior cases, and warning Plaintiff that further duplicative or frivolous litigation in this court could result in an order barring Plaintiff from filing any new actions in this court, under 28 U.S.C. § 1651, without first seeking permission of the court), *appeal pending* (2d Cir.); *see also Ezekwo v. OPMC*, ECF 1:21-CV-0274, 7 (S.D.N.Y. July 23, 2021) (dismissing complaint for failure to state a claim and on immunity grounds, and warning Plaintiff that a filing injunction could be imposed if she persisted in filing frivolous or duplicative complaints).

This is not the first complaint that Plaintiff has filed sounding in discrimination, violations of civil rights, and improper mortgage servicing practices. *See Ezekwo v. Caliber Home Loans Inc.*, No. 20-CV-6187 (D.N.J. June 11, 2021) (dismissing complaint on *Rooker-Feldman* and *res judicata* grounds), *aff'd*, 21-2250 (3d Cir. July 15, 2022). After Plaintiff filed multiple complaints against Caliber Home Loans, Inc., the District of New Jersey issued a filing

---

[4] Plaintiff need not cite case law or make legal arguments. What the Court requires is a clear and concise recounting of the events giving rise to this complaint, and an explanation of how Defendant was involved in what occurred.

injunction requiring Plaintiff to seek leave before filing new complaints asserting duplicative claims against that defendant. *See Ezekwo v. Caliber Home Loans Inc.*, No. 21-CV-9936 (D.N.J. May 18, 2021). Plaintiff recently filed a complaint in the District of New Jersey, which is substantially similar to this one, against a different mortgage service provider, in connection with property in New Jersey. *Ezekwo v. Fay Servicing, LLC*, No. 23-CV-379 (D.N.J. filed Jan. 20, 2023) (pending).

In light of this litigation history, the Court finds that Plaintiff should be able to file an amended complaint that satisfies federal pleading rules if sufficient facts exist to state any viable claims against SLS. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). The Court's prior warnings remain in effect.

## CONCLUSION

The complaint is dismissed for failure to state a claim on which relief may be granted.

Plaintiff is granted leave to file an amended complaint that addresses the deficiencies set forth in this order. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-1141 (LTS). Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    April 17, 2023
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                     Middle Initial        Last Name

_____

Street Address

_____

County, City                                State                Zip Code

_____

Telephone Number                            Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                  Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.