UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. IFEOMA EZEKWO,

                          Plaintiff,

          -against-

SPECIALIZED LOAN SERVICING,

                          Defendant.

23-CV-1141 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, paid the filing fees to bring this action alleging that Defendant violated her rights. By order dated April 17, 2023, the Court dismissed Plaintiff's complaint with leave to replead some of her claims. Plaintiff filed a second amended complaint on June 15, 2023, and the Court has reviewed it.[1] The action is dismissed for the reasons set forth below, with 30 days' leave to replead.

## BACKGROUND

The Court assumes familiarity with its April 17, 2023 order, which detailed the factual allegations in Plaintiff's 116-page, single-spaced complaint. Plaintiff lives in New Jersey, and she filed this action against Specialized Loan Servicing ("SLS"), a mortgage servicer located in Colorado. Plaintiff and her husband own, or owned, a single-family house located at 3013 Grand Concourse in Bronx County, New York. (ECF 1 at 5.) Plaintiff alleged that SLS approved a loan modification on her mortgage, but abruptly stopped accepting her payments, telling her that she had "to do over the modification again." (*Id.* at 11.) Plaintiff alleged that SLS violated her right

---

[1] On May 16, 2023, Plaintiff filed an amended complaint, and on June 15, 2023, Plaintiff filed a second amended complaint. (ECF 4, 5.) The second amended complaint is the operative pleading.

to due process, acted with discriminatory animus, and engaged in "extortion," in violation of "Title IX"; Plaintiff also invoked the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution; the Fair Debt Collection Practices Act; and the "Dodd-Frank Act." (*Id.* at 1.) In addition, Plaintiff asserted claims arising under state law, including breach of contract; breach of fiduciary duty; "wrongful threat of foreclosure and lack of authority"; and "fraudulent misrepresentation and concealment." (*Id.*) Plaintiff requested injunctive relief and $ 3 billion in damages. (*Id.* at 98.)

In the April 17, 2023, order, the Court dismissed the complaint with leave to replead, for the following reasons: (1) the complaint, which contained an excessive amount of legal boilerplate, case citations, and block quotes of federal statutes, did not comply with federal pleading rules, because it failed to explain in a clear and concise manner what had occurred and why any action taken by SLS had violated Plaintiff's rights;[2] (2) Plaintiff could not assert constitutional claims under 42 U.S.C. § 1983 against SLS, a private entity, because it did not act under color of state law; (3) the facts alleged did not appear to give rise to an FDCPA claim; (4) Title IX bore no apparent relevance to the matter; (5) the Dodd-Frank act does not provide for a private right of action; and (6) insofar as federal question jurisdiction might be lacking,

---

[2] That order also noted that Plaintiff has filed other complaints sounding in discrimination, civil rights violations, improper mortgage servicing practices, and ones invoking diversity jurisdiction, and that she "should be able to file an amended complaint that satisfies federal pleading rules if sufficient facts exist to state any viable claims against SLS." (ECF 3 at 9) (listing cases.) In addition, the Court instructed Plaintiff that she:

> need not cite case law or make legal arguments. What the Court requires is a clear and concise recounting of the events giving rise to this complaint, and an explanation of how Defendant was involved in what occurred.

(ECF 3 at 8 n.4.)

Plaintiff did not plead sufficient facts to show that the court has diversity of citizenship jurisdiction of the matter. (ECF 3.)

Plaintiff's second amended complaint, filed on June 15, 2023, is 152 pages and single-spaced. It is substantially similar in form and content to the first amended complaint. Plaintiff reasserts claims that the Court dismissed as improperly raised, including the constitutional claims, and the claims under Title IX and the Dodd-Frank Act. Plaintiff asserts, for the first time, a claim under the Real Estate Settlement Practices Act ("RESPA"). To support this claim, Plaintiff asserts:

> The Defendant violated RESPA. Defendant carried out illegal acts and created exorbitant payment demands. At no time did the Defendant discuss with the Plaintiff the procedures and processes behind Defendant's actions. The Defendants are deep criminals.
>
> As a direct and proximate result of the Defendants' Violation of The Real Estate Settlement Procedures Act (RESPA) , Plaintiff has sustained injuries and damages such as loss of income, public humiliation, threats to security, loss of prestige in the community, emotional distress, threats to personal safety, irreparable harm, loss of ability to carry out business, shame, loss of revenue, property damage, lack of security, protracted legal problems, financial loss, permanent damage to her reputation and good standing amongst her peers, and much more. These injuries and damages are in the amount of THREE BILLION US DOLLARS and additional damages to be determined at trial.

(ECF 5 ¶¶ 107-108.)[3] Plaintiff alleges that she "must be fully compensated and Defendant must cease from all actions against the Plaintiff. Defendant must return Plaintiff's property to Plaintiff." (*Id.* ¶ 343.)

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[3] Plaintiff repeats these exact facts two additional times in the second amended complaint. (*Id.* ¶¶ 327-330, 826-830.)

544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Furthermore, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)); *see Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."

The second amended complaint does not comply with Rule 8, and suffers from the same deficiencies that plagued the first amended complaint. The Court previously dismissed, as improperly raised, Plaintiff's constitutional claims, and claims asserted under Title IX and Dodd-

Frank. The Court declines to reconsider the merits of those claims, and they are dismissed for the reasons set forth in the April 17, 2023 order.

The Court is unable to ascertain whether Plaintiff can state a claim under the FDCPA in connection with SLS's demand that Plaintiff reapply for a loan modification, because she once again buries any facts about the events giving rise to this action in a barrage of generic legal arguments and quotes.[4] The Court grants Plaintiff leave to file a third amended complaint that, as required by the April 17, 2023 order, states what occurred, and that suggests that she is entitled to relief from Defendant under the FDCPA.

The second amended complaint is also deficient with respect to any claims under RESPA, 12 U.S.C. § 2605, which Plaintiff asserts for the first time. RESPA requires loan servicers to "disclose to each person who applies for [a] loan, at the time of application . . . , whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding" and to provide notice to borrowers "in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. §§ 2605(a)(1), 2605(b). A loan servicing company that "fails to comply with [these provisions] is liable to the borrower." 12 U.S.C. § 2605(f). A RESPA claim must be brought within three years. *See* 12 U.S.C. § 2614.

---

[4] Plaintiff has been warned that her submissions are "unintelligible [and] duplicative," and fail to comply with federal pleading rules. *See, e.g., Ezekwo v. Caliber Home Loans, Inc.*, No. 21-CV-9936, 2022 WL 1553331, at *2 (D.N.J. May 17, 2022); *Ezekwo v. Monaghan*, No. 21-CV-5155, 2023 WL 3847401, at *3 (D.N.J. June 6, 2023) ("The Court declines to consider the sprawling 96-page proposed amended complaint that [Plaintiff] improperly submitted" because it "is verbose, confusing, and conclusory . . . [and] contains impermissible group pleadings and citations to case law and argument."), *appeal pending* (3d Cir.). This matter can proceed only if Plaintiff files a third amended complaint that is clear and concise, rather than verbose, confusing, and conclusory.

Here, Plaintiff fails to state a claim under RESPA because she does not provide facts explaining what occurred with respect to the loan modification, and when. Instead, she merely alleges that SLS engaged in "illegal" and "criminal" acts and failed to "discuss . . . the procedures and processes behind [its] actions." (ECF 5 ¶¶ 107-108.) These allegations are insufficient to state a claim under RESPA. The Court grants Plaintiff leave to replead a RESPA claim in a third amended complaint, should she wish to do so, but she must provide facts that support such a claim.

If Plaintiff cannot state claims under the FDCPA, the RESPA, or other federal statute, but can assert claims arising under state law, she must, as set forth in the April 17, 2023 order, show that the court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332. In short, Plaintiff must allege facts indicating that she and defendant are citizens of different states, and that, to a "reasonable probability" the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a). Plaintiff currently seeks $3 billion, without providing any basis for that amount. Moreover, Plaintiff must provide facts in support of the state law claims she seeks to assert.

## CONCLUSION

Plaintiff's second amended complaint is dismissed for failure to state a claim on which relief may be granted.

The Court grants Plaintiff one final opportunity file an amended complaint that complies with federal pleading rules.[5] Plaintiff is granted leave to replead claims only under the FDCPA, the RESPA, and state law. Plaintiff must submit any third amended complaint to this Court's Pro

---

[5] The Court strongly encourages Plaintiff to limit the third amended complaint to ten pages.

Se Intake Unit within 30 days of the date of this order, caption the document as a "Third Amended Complaint," and label the document with docket number 23-CV-1141 (LTS). A Third Amended Complaint form is attached to this order. If Plaintiff fails to file a third amended complaint within the time allowed and fails to show cause to excuse such failure, OR if Plaintiff files a third amended complaint that fails to comply with this and the prior order issued in this matter, the Court will enter judgment consistent with this order.

SO ORDERED.

Dated:    November 20, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

# AMENDED

# COMPLAINT

_____

_____

Do you want a jury trial?
  ☐ Yes    ☐ No

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                          State                Zip Code

_____

Telephone Number                      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                  Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                  Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                  Zip Code

Defendant 4:

First Name                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                  State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.